1        HONORABLE RONALD B. LEIGHTON

2

3

4

5

6                   UNITED STATES DISTRICT COURT
7                 WESTERN DISTRICT OF WASHINGTON
                            AT TACOMA
8

HAMER ELECTRIC, INC., a Washington        CASE NO. 3:12-cv-5332 RBL
9   corporation,

                    Plaintiff,            ORDER DENYING MOTION TO
10                                        DISMISS

11        v.                              [Dkt. # 11]

12   TMB-NW LIQUIDATION, LLC, a New
     Mexico limited liability company, BMT
13   ACQUISITION, LLC, a Delaware limited
     liability company, BMT-NW
14   ACQUISITION, LLC, a Delaware limited
     liability company, CHARLES WILLIAM
15   TRAVELSTEAD and ANN
     TRAVELSTEAD,
16
                    Defendants.
17

18        THIS MATTER is before the Court on Defendants BMT Acquisition, LLC and BMT-

19   NW Acquisition, LLC's Motion to Dismiss [Dkt. #11].  Plaintiff Hamer Electric, Inc., obtained a

20   default judgment against Brown-Minneapolis Tank-Northwest, LLC[1] in Grays Harbor Superior

21

22   _____

23        [1] Defendant TMB-NW Liquidation, LLC was formerly known as Brown-Minneapolis
     Tank-Northwest, LLC.  This Order refers to both as Brown, unless otherwise stated.
24

1   Court.  Hamer alleges that after it sued—but before it obtained the judgment—Brown sold its

2   assets to the Defendants, BMT and BMT-NW.  Brown cannot satisfy Hamer's judgment.

3            Hamer sued the entities that now own Brown's assets—TMB-NW, BMT, and BMT-

4   NW—as well as Charles and Ann Travelstead (who are both owners of Brown), alleging

5   violation of Washington's Uniform Fraudulent Transfer Act (RCW 19.40 et seq.).  Hamer claims

6   that these entities did not pay full or fair value for the assets and seeks to enforce its judgment

7   against Brown's successors under a "mere continuation" theory.  BMT and BMT-NW request

8   dismissal of the claims, arguing that Hamer's Complaint is factually insufficient.  Because

9   Hamer's Complaint is not insufficient, the Motion to Dismiss is DENIED.

10                          **I.      FACTUAL SUMMARY**

11           According to the Complaint, Brown is a general contractor and a New Mexico limited

12   liability company.  In September 2010, Brown contracted[2] with Hamer, an electrical contractor

13   with its principal place of business in Cowlitz County.  On April 29, 2011, Hamer's attorneys

14   sent Charles Travelstead[3] a letter notifying Brown of its default in breach of the contract.  The

15   letter included a demand for payment and a proposed complaint for breach of contract that

16   Hamer threatened to file if Brown did not pay.

17           Brown did not pay and on June 3, 2011, Hamer sued in Grays Harbor County Superior

18   Court.  Hamer obtained a default judgment for $169,129.89 on September 16, 2011.

19           Hamer alleges Travelstead and other unknown individuals formed BMT and BMT-NW

20   in July 2011—approximately one month after it filed suit against Brown.  These entities acquired

21   _____

22           [2]  The record is incomplete as to the terms of the contract and the substance of the
     underlying lawsuit.

23
             [3]  Travelstead is the President, CEO, member, secretary, treasurer, and director of Brown.
24   He is also a partner and member of BMT.  His wife, Ann Travelstead, is a member of Brown.

1   all, or substantially all, of Brown's assets.  In the same month, Brown fired its employees, who

2   were immediately hired by BMT and BMT-NW.  BMT and BMT-NW continued to operate

3   Brown's former business at Brown's former location, and performed services pursuant to

4   Brown's former contracts, using Brown's employees, managers, equipment, tools, machinery,

5   computers, office equipment, and other assets.  Mark T. Demoss is a manager of Brown, BMT,

6   and BMT-NW.  Rollie Irwin is a manager of Brown and the registered agent for BMT and BMT-

7   NW.[4]

8        In November 2011, Travelstead filed an Amended Certificate of Formation/Registration

9   with the Washington Secretary of State Corporations Division to change Brown's name to TMB-

10  NW Liquidation, LLC.  TMB-NW is insolvent and unable to pay the judgment.

11       In December 2011, Hamer sent a letter to BMT, BMT-NW, and Travelstead, demanding

12  payment of the default judgment.  In April 2012, Hamer sued TMB-NW, BMT, BMT-NW, and

13  the Travelsteads for violating the Uniform Fraudulent Transfer Act (RCW 19.40 et seq.),

14  alleging BMT and BMT-NW acquired Brown's assets for insufficient consideration, and with

15  the intent to hinder, defraud, or delay Brown's creditors.  Hamer seeks payment of the default

16  judgment, as well as an injunction against further dispositions of the assets transferred.  BMT

17  and BMT-NW move for dismissal under Fed. R. Civ. P. 12(b)(6).

18                    **II.        DISCUSSION**

19       Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

20  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

21  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state

22  a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A

23  _____

24        [4] Demoss and Irwin are not Defendants in this action.

ORDER DENYING MOTION TO DISMISS - 3

claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.  *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Iqbal*, 556 U.S. at 678.

BMT and BMT-NW argue that Hamer failed to specify which BMT Defendant participated in the unlawful transaction, what the assets are, the value of the assets, and the consideration paid for those assets.  They also argue that the Complaint states only legal conclusions—specifically, that Brown did not receive equivalent value for the assets and that Brown intended to incur debts beyond its ability to pay as they became due.  BMT and BMT-NW also argue that Hamer's mere continuation theory fails because the Complaint does not establish a common identity of officers and directors between all three companies.  Defendants argue that Hamer provides no facts suggesting that consideration was inadequate, and lastly, that the Complaint fails to allege that Brown has ceased to exist.

## A. Actual Fraudulent Transfer

Under Rule 9(b), defendants are entitled to the "who, what, when, where, and how" of the misconduct charged.  *Cafasso v. General Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir.

2011).  A claim for actual fraudulent transfer requires proof that the debtor made the transfer

with the actual intent to defraud, delay, or hinder a creditor.  RCW 19.40.040(a)(1).  In

determining actual intent, courts may consider:

> (1) The transfer or obligation was to an insider;
> (2) The debtor retained possession or control of the property transferred after the transfer;
> (3) The transfer or obligation was disclosed or concealed;
> (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (5) The transfer was of substantially all the debtor's assets;
> (6) The debtor absconded;
> (7) The debtor removed or concealed assets;
> (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
> (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

RCW 19.40.041(b)(1)–(11).

Although Hamer is not required to plead factual allegations to support each of the eleven

intent factors, it has pled enough.  *See* RCW 19.40.041.  Hamer alleges that the transfer occurred

in July 2011—only one month after it filed suit against Brown.  Rather than respond to the suit,

Brown sold its assets.  Less than two months passed between the transfer and the default

judgment.  Hamer has also alleged that substantially all of Brown's assets were transferred—all

of Brown's employees, office space, and equipment.  The Defendants then worked out of the

same office, with the same employees, with the same equipment.  In short, Hamer alleges that

Brown transferred its assets and continued its business as if nothing happened.

As to the sufficiency of the allegations, Hamer is not required to list every asset that

Brown transferred and the exact amount of consideration.  Such an obligation would far exceed

1   even the heightened requirements of Rule 9(b). Moreover, Hamer alleges that it lacks that

2   information only because Brown has disobeyed superior court orders to produce it.

3       BMT and BMT-NW's motion to dismiss Hamer's actual fraudulent transfer claim is

4   DENIED.

5   **B. Constructive Fraudulent Transfer**

6       A transfer made by a debtor without adequate consideration can be constructively

7   fraudulent when the debtor made the transfer without receiving a reasonably equivalent value in

8   exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent

9   as a result of the transfer.  RCW 19.40.051(a).  A transfer can also be constructively fraudulent

10  where the debtor intended to incur, or believed he would incur, debts beyond his ability to pay as

11  they became due.  RCW 19.40.041(a)(2)(ii).

12      Hamer has pled sufficient factual allegations for a constructive fraudulent transfer claim.

13  Hamer has pled that Brown received inadequate consideration for the assets and that transfer

14  rendered Brown financially immune from recovery.  It is not required to plead the exact amount

15  because Brown itself is the reason for the lack of information.  Moreover, Hamer alleges that

16  BMT and BMT-NW were  not pre-existing companies that acquired Brown's assets, they were

17  created specifically to acquire Brown's assets and thereby shield it from judgment.

18      BMT and BMT-NW's motion to dismiss Hamer's constructive fraudulent transfer claim

19  is DENIED.

20  **C. "Mere Continuation" Theory**

21      "The mere continuation theory is designed to prevent a corporation from escaping

22  liability by merely changing hats." *Gall Landau Young Const. Co. v. Hedreen*, 63 Wn. App. 91,

23  96–97 (1991) (internal quotations omitted).  A party must prove two elements to prevail on this

24

1   theory: (1) a common identity of the officers, directors, and stockholders in the selling and

2   purchasing companies; and (2) the insufficiency of the consideration running to the seller

3   corporation in light of the assets beings sold.  *Id.* at 97 (internal citations omitted).  There is an

4   "implied" third element: that the transfer involve all or substantially all assets of the predecessor

5   entity.  *Id.*  Lastly, although Defendants argue that the mere continuation theory must fail where

6   the predecessor company survives, the dissolution of the selling corporation after the transfer is

7   not a necessary element.  *Id.* at 97–98.

8        Hamer alleges a common identity of the officers: Travelstead is a member, officer, and

9   owner of Brown, BMT and BMT-NW, Demoss is a manager of the three entities, and Irwin is a

10   manager of Brown and the registered agent for BMT and BMT-NW.

11        Hamer has also pled that the consideration received by Brown was insufficient: it left

12   Brown unable to pay the default judgment—even though the transfer involved all or substantially

13   all of Brown's assets.  Hamer names the assets: employees, contracts, office equipment, office

14   space—essentially everything.  That Hamer cannot specify the amount of the transfer is of less

15   concern, given the extraordinarily questionable timing and nature of Brown's transfer, and the

16   fact that Brown itself has refused to disclose the amount of the transfer despite a court order to

17   do so.

18        BMT and BMT-NW's motion to dismiss Hamer's mere continuation claim is DENIED.

19

20

21

22

23

24

1
### III.    CONCLUSION

2
For the reasons stated above, Defendants' Motion to Dismiss [Dkt. #11] is **DENIED**.

3
Dated this 7th day of August, 2012.

4

5
_____
Ronald B. Leighton

6
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24